# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13 CR 902-1 |
| | ) | |
| ROBERT MICHAEL | ) | |
| | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robert Michael's (Michael) motions in limine. For the reasons stated below, the motions are denied.

## BACKGROUND

Michael was indicted and charged with the offenses of bank fraud in violation of 18 U.S.C. § 1344 (Count One), making a false statement for the purpose of influencing the actions of an FDIC-insured bank in violation of 18 U.S.C. §§ 1014 and 2 (Count Two), and money laundering in violation of 18 U.S.C. §§ 1957 and 2 (Count Three). Michael's co-defendant, Erroll Davis (Davis), was indicted and charged with the offense of making false statements on his tax return in violation of 26 U.S.C § 7206(1) (Count Four). The indictment alleges that Michael conspired

with others in a scheme to defraud Citizens Bank and Trust of Chicago (Citizens). Michael allegedly was a shareholder, chief executive officer, and senior lender at Citizens and engaged in fraud when acting as a loan officer on certain loan transactions. On November 15, 2014, a bench warrant was issued for Michael and on November 22, 2014, Michael was arrested. On that same day Michael had an initial hearing and entered a plea of not-guilty. On December 5, 2013, Davis entered a plea of guilty to Count Four. Michael has now filed motions in limine and the Government has responded.

## DISCUSSION

Michael requests in his motions in limine: (1) that the court order the Government to produce any favorable, exculpatory, and impeaching evidence, (2) that the court order the Government to produce any witnesses' statements pursuant to the Jencks Act, (3) that the court order the Government to give immediate notice of its intent to use evidence of other crimes, wrongs, and/or bad acts, and (4) that the court order the Government to provide a witness list.

I. Favorable, Exculpatory, and Impeaching Evidence

Michael requests that the Government produce any favorable, exculpatory, and impeaching evidence pursuant to the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Agurs v. United States*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667

2

(1986). Michael contends that such evidence should include "all mental, psychiatric, or drug abuse" records of witnesses and "handwritten notes" from government agents.

The Government has an "obligation to disclose any evidence in its possession that is both material and favorable to a defendant." *See United States v. Roberts*, 534 F.3d 560, 572 (7th Cir. 2008)(stating "[t]his evidence includes impeachment evidence as well as exculpatory evidence"). The Government indicates that it understands its obligation under *Brady* to produce all favorable and exculpatory evidence to the defense. (Ans. 3). The Government maintains that it has produced everything that it is aware of and that if it becomes aware of any additional evidence it will be turned over. (Ans. 3). The Government also indicates that it understands its obligation under *Giglio* to produce all information that might impeach its witnesses. (Ans. 3-4). The Government maintains that it will disclose any such information, to the extent it has already not been disclosed, two weeks prior to trial. (Ans. 3-4). The Government, however, contends that Michael's other requests, including a request for all mental, psychiatric, or drug abuse records is overbroad. The Government also contends that Michael's request for work product and handwritten agent notes should be denied since such notes have already been incorporated into official reports that have been provided to Michael. (Ans. 4-5).

Michael has failed to establish how his broad request for all mental, psychiatric, or drug abuse records amounts to favorable, exculpatory, or impeaching evidence under either *Brady*, *Giglio, Agurs,* or *Bagley*. Michael has also failed to

3

explain how he would be entitled to any privileged information protected by the work product doctrine or any handwritten agent notes. *See United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997)(stating "[a] defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes"). Since the Government has been complying with all of its discovery obligations, the motions for the production of any favorable, exculpatory, and impeaching evidence are denied as moot. Michael's other evidentiary requests, including records for all mental, psychiatric, or drug abuse information and handwritten agent notes are denied.

II. Jencks Act Materials

Michael also moves for the production of any Government witnesses' statements under the Jencks Act, 18 U.S.C. § 3500, and pursuant to *Jencks v. United States*, 353 U.S. 657 (1957). Michael did not request a specific deadline for the production of such materials. (J Mot. 1). The Jencks Act provides in part the following:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). The production requirements under the Jencks Act are intended "[t]o ensure the meaningful confrontation of government witnesses" and "afford the

defense a basis for effective cross-examination of government witnesses and the possible impeachment of their testimony without overly burdening the government with a duty to disclose all of its investigative material." *United States v. Kimoto*, 588 F.3d 464, 475 (7th Cir. 2009). The Government indicates that it has already informed Michael that it will provide Defendants with Jencks Act materials two weeks prior to trial, or thereafter promptly upon receipt. (Ans. 6). Such disclosures will provide Michael with adequate time to prepare for trial and prepare an effective cross-examination of Government witnesses. The Seventh Circuit has made clear that, "the government [is] not required to give [a defendant] any [Jencks Act] information before trial beg[ins]," and a production of such materials two weeks before trial in this case is above and beyond what is required by the Government. *United States v. Molt*, 772 F.2d 366, 370-71 (7th Cir. 1985)(stating that "[t]he Jencks Act requires the government to produce only such material as it has"); *see also United States v. Edmond*, 2011 WL 6010261, at *2 (N.D. Ill. 2011)(denying motion in limine for production of Jenck's Act materials four weeks before trial and concluding that Government's agreement to produce such materials two weeks before trial was adequate); *United States v. Rodriguez*, 2009 WL 1110415, at *6 (E.D. Wis. 2009)(finding that "the government's offer to disclose Jencks Act materials one week before trial is more than sufficient to facilitate an orderly trial"); *United States v. Thomas*, 2007 WL 2076029, at *3 (N.D. Ill. 2007)(stating that "under the Jencks Act the government is not required to produce such information before trial," and that "the government['s]" agreement "to produce such materials

5

two weeks before trial" provided adequate time for the defendant to prepare for trial). Therefore, the motion for the production of Jencks Act material is denied as moot.

III. Rule 404(b) Evidence

Michael moves to have the court order the Government to give immediate notice of its intent to use evidence of other crimes, wrongs, and/or bad acts, pursuant to Federal Rule of Evidence 404(b) (Rule 404(b)). Michael requests the court to order immediate production of such Rule 404(b) evidence. Rule 404(b) provides the following:

> b) Crimes, Wrongs, or Other Acts.
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b); *see also United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014)(abandoning "four-part test for evaluating the admissibility of other-act evidence" and adopting "a more straightforward rules-based approach"). The Government indicates that it has already informed Michael that it will provide Defendants with Rule 404(b) notice twenty-one days before trial. (Ans. 6-7). Michael has presented nothing more than a conclusory request for the immediate

production of Rule 404(b) evidence and has failed to present any arguments explaining why he requires an immediate production of such evidence. *See United States v. Dicosola*, 2013 WL 505223, at *6 (N.D. Ill. 2013)(denying motion for early production of Rule 404(b) evidence "since Defendant failed to articulate a valid reason requiring early production"). As indicated above, Rule 404(b) requires the Government only to "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial. . . ." Fed. R. Evid. 404(b). Production of such evidence twenty-one days prior to trial is more than sufficient to provide reasonable notice to Michael of the Government's intention to use Rule 404(b) evidence, and will allow Michael adequate time to prepare for trial. *See United States v. Berry*, 2011 WL 6960847, at *2 (E.D. Wis. 2011)(finding that notice of intention to use Rule 404(b) evidence "two weeks prior to trial" was sufficient notice to allow the defendant to prepare for trial). Therefore, the motion for immediate production of Rule 404(b) evidence is denied.

IV. Pretrial Witness List

Michael requests that the court order the Government to provide a witness list. Specifically, Michael requests that the witness list contain the names and addresses of Government witnesses that will be called at trial. Michael also moves that the witness list contain the names and addresses of "all witnesses that the [G]overnment does not intent to call at trial. . . ." (W Mot. 1). Neither the Constitution nor the Federal Rules of Criminal Procedure "require pretrial disclosure of prosecution

witnesses." *See United States v. Edwards*, 47 F.3d 841, 843 (7th Cir. 1995)(internal quotations omitted)(stating that "the district court may order such disclosure under appropriate circumstances pursuant to its inherent power . . . to assure the proper and orderly administration of criminal justice"); *see also United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987)(stating that "[t]he law is clear . . . that the Constitution does not require that a defendant in a noncapital case be provided with a list of all prospective government witnesses"); *United States v. Balogun*, 971 F.Supp. 1215, 1233 (N.D. Ill. 1997)(holding that "[t]he government is not required to provide a defendant with a list of prospective government witnesses," but that "the court may order the government to provide defense counsel with a witness list in advance of trial").

The Government indicates that it intends to give Michael a list of Government witnesses that will be called at trial and that it will provide such information two weeks prior to trial. (Ans. 7). Such notice will provide Michael with sufficient time to prepare for trial. *See United States v. Dean*, 2010 WL 706038, at *2 (N.D. Ill. 2010)(concluding that "[p]roduction of witness lists one week in advance of trial will give the parties adequate time to prepare for trial"). The Government, however, objects to the production of a list of witnesses that will not be called at trial. (Ans. 7). Michael has provided only a conclusory request in his motion and has failed to explain why he requires a list of witnesses that will not be called. Also, the request that the Government list "all witnesses that the government does not intend to call" is too broad and vague. Nor is Michael entitled

to such a list under the law. Therefore, Michael's motion for the production of a pretrial witness list containing the names and addresses of witnesses the Government intends to call at trial is denied as moot and Michael's motion for a pretrial list containing the names and addresses of witnesses the Government does not intend to call at trial is denied.

## CONCLUSION

Based on the foregoing analysis, Michael's motions in limine are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 13, 2014